IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMUEL MCCRAY, Petitioner, vs. SCOTT R. FRAKES, Director of the Nebraska Department of Correctional Services; Respondent. | 8:21CV7 MEMORANDUM AND ORDER |

Petitioner has filed a petition for a writ of habeas corpus. Essentially admitting that the petition was untimely, he claims he is entitled to the doctrine of equitable tolling. I disagree. The motion for summary judgment will be granted and this case will be dismissed with prejudice.

## FACTS

1. Petitioner Samuel McCray pled guilty in the District Court of Lancaster County, Nebraska, to one count of possession of a controlled substance and being a habitual criminal. (Filing 13-3 at CM/ECF pp. 1-2.) An enhancement hearing was held, and the state district court found McCray eligible for the habitual criminal enhancement. (*Id.* at CM/ECF p. 2.) McCray was subsequently sentenced to 10 to 15 years in prison. (*Id.*)

2. McCray, with new counsel, filed a direct appeal to the Nebraska Court of Appeals. (Filing 13-3.) On December 5, 2017, the state appellate court entered a Memorandum Web Opinion affirming McCray's conviction and sentence. (*Id.*) McCray filed a petition for further review, which the Nebraska Supreme Court denied on January 17, 2018. (Filing 13-1 at CM/ECF p. 5.)

3.      On May 1, 2018, McCray filed a motion for postconviction relief in the state district court. (Filing 13-5 at CM/ECF p. 5.) The state district court denied the motion without an evidentiary hearing, and McCray appealed. (Filing 13-4.)

4.      The Nebraska Court of Appeals entered a Memorandum Opinion on November 6, 2019, affirming the state district court's judgment. (Id.) McCray's petition for further review was denied, and the mandate was issued on January 8, 2020. (Filing 13-2 at CM/ECF pp. 4-5.)

5.      McCray's habeas petition was filed with this court on January 6, 2021. (Filing 1.)

## LAW

Respondent submits that McCray's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") set stringent guidelines with regard to the statute of limitations on petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Section 2244(d) provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

McCray's direct review concluded on January 17, 2018, when the Nebraska Supreme Court denied his petition for further review, and the judgment became final 90 days later on April 17, 2018. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a judgment is final, under 28 U.S.C. § 2244(d)(1)(A), at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for a writ of certiorari with the United States Supreme Court). Thus, the one-year statute of limitations began running on April 17, 2018.

The statute of limitations clock was then tolled while McCray's postconviction proceedings were pending in state court. McCray's state postconviction motion was filed on May 1, 2018, meaning that a total of 14 days expired after the statute of limitations began running on April 17, 2018. The one-year period was tolled until January 8, 2020, which is the day the Nebraska Court of Appeals issued its mandate in McCray's postconviction appeal. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that a postconviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court). Once the limitations

period started again on January 8, 2020, it continued to run until January 6, 2021, (364 days later) when McCray filed his habeas petition in this court.

Therefore, a total of 378 days (14 plus 364) count toward the one-year period, making McCray's habeas petition untimely. Petitioner does not contest these dates.

But McCray asserts that he is entitled to equitable tolling. (Filing 15 at CM/ECF p. 2.) McCray is entitled to equitable tolling of the statute of limitations only if satisfies his burden of proof showing (1) that he pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way that prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549 (2010).

McCray has not demonstrated that some extraordinary circumstance stood in his way that prevented timely filing. McCray's brief focuses solely on the 14 days between the date his state court judgment became final and the date his state postconviction motion was filed. (Filing 15 at CM/ECF p. 2.) McCray blames his counsel's "procrastination" and failure to provide him with documents as the reason for the 14-day delay in state court. (*Id.*) The question before me, however, is whether McCray was prevented from timely filing his habeas petition in federal court. McCray has not met his burden because he has not asserted that some circumstance prevented him from filing a federal habeas petition. ''Ineffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002). *See also King v. Hobbs*, 655 F.3d 1132, 1137 (8th Cir. 2012). *Cf. Maples v. Thomas*,132 S.Ct. 912, 922 (2012) (''Thus, when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause.").

Even if McCray could establish that some extraordinary circumstance stood in his way that prevented timely filing, he has not demonstrated that he has diligently

pursued his rights.[1] After the mandate was issued for his state postconviction appeal, McCray waited almost a full year before he filed his habeas petition with this court. Thus, McCray has not established that equitable tolling should apply to him in this case.

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

Accordingly,

IT IS ORDERED that this case is dismissed with prejudice. The motion for summary judgment (Filing 12) is granted. No certificate of appealability has been or will be issued. I will enter judgment by a separate document.

Dated this 11th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[1] Petitioner's request for more documents will be denied inasmuch as they are not material to the doctrine of equitable tolling, particularly the exercise of due diligence.